UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| LEONYER M. RICHARDSON | : | Civil No. 3:02CV0625(AVC) |
|     Plaintiff | : | |
| | : | |
|   vs. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| COMMISSION ON HUMAN RIGHTS, | : | |
| OFFICE OF POLICY AND | : | |
| MANAGEMENT, CFEPE-AFT, | : | |
| AFL-CIO, ET AL. | : | |
|     Defendants | : | MAY 3, 2004 |

_____

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION
TO DEEM REQUESTS FOR ADMISSIONS ADMITTED**

COMES NOW, the defendants, State of Connecticut Commission on Human Rights and Opportunities, Leanne Appleton, Donald Newton and Cynthia Watts-Elder, and object to the plaintiff's motion under Rule 37 to deem certain requests for admissions admitted.

**PLAINTIFF DID NOT COMPLY WITH LOCAL RULE 37**

At the outset the defendants notify the court that contrary to the assertions of plaintiff's counsel, she did NOT confer with defense counsel under the Local Rule 37 before filing the above motion. Her representation that defense counsel would not respond is disingenuous and flatly untrue. AT no time did plaintiff's counsel communicate her intention to seek Rule 37 relief.

1

Furthermore, Defense counsel has been on trial for the last week and a half (April 19-30).  He spoke with plaintiff's counsel by phone on April 26, 2004 on a different matter in this case and plaintiff's counsel made no mention of the motion that she planned to file on April 27, 2004.  Accordingly, plaintiff's defense counsel did not comply with the Local Rule.

Furthermore, discovery in the above case closed in February 2004. Therefore, the plaintiff's motion is untimely.

**THERE ARE NO OUTSTANDING REQUEST FOR ADMISSIONS**

Substantively, the defendants are at a lost to understand the nature of the plaintiff's motion because they have no record of receiving a set of interrogatories that have not be responded to under F.R.C.P. 36. Defense counsel's records show the following:

- A.  On November 14, 2003, defendants received plaintiff's first set of requests for admissions.  Defendants responded on December 1, 2003.  See Exhibits A and B attached hereto.
- B.  On February 3, 2004, defendants received a second set of requests for admissions, this time solely addressed to defendant Cynthia Watts-Elder. A

response was sent on March 1, 2004. See Exhibits C and D attached hereto.

Defendants have no record of receiving another set of requests for admissions, and accordingly, cannot respond to the plaintiff's motion that does not reference specific admissions that are in the defendants' possession. Defense counsel's represents to the court that he has conferred with co-counsel, Brian Doyle, who represents defendant AFL-CIO. Mr. Doyle reports that he does not have a third set of requests for admissions in his file. See Mr. Doyle's e-mail attached hereto as Exhibit E. Therefore, its is unlikely that any such request for admissions exist, much less were sent to counsel of record.

On April 30, 2004, defense counsel sent an e-mail to plaintiff's counsel explaining the circumstances and requesting that she withdraw this motion. Defense counsel fully expects that plaintiff will withdraw this motion or risk <u>Rule 11 sanctions</u> for filing such a pleading.

WHEREFORE, the defendants request that the court deny the plaintiff's motion.

        DEFENDANTS,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
     Joseph A. Jordano
     Assistant Attorney General
     Federal Bar # ct21487
     55 Elm Street, P.O. Box 120
     Hartford, CT 06141-0120
     Tel: (860) 808-5340
     Fax: (860) 808-5383
     E-mail:
     Joseph.Jordano@po.state.ct.us

**CERTIFICATION**

The undersign does hereby certify that on this 3rd day of May 2004, a true and accurate copy of the foregoing was sent by first class United States mail, postage prepaid, to:

Cynthia Jennings
Barrister Law Group
211 State Street
Bridgeport, CT 06604

Royce Vehslage
Genovese, Vehslage & LaRosa
500 Enterprise Drive
Rocky Hill, CT 06067

Brian Doyle
Ferguson & Doyle
35 Marshall Road
Rocky Hill, CT 06067

     _____
     Joseph A. Jordano
     Assistant Attorney General