UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONYER M. RICHARDSON, | : | CASE NO. 3:02CV0625 (AVC) |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES, OFFICE | : | |
| OF POLICY AND MANAGEMENT, | : | |
| CYNTHIA WATTS-ELDER, in her | : | |
| official capacity as Executive Director of | : | |
| Commissioner on Human Rights and | : | |
| Opportunities, LEANNE APPLETON, | : | |
| in her individual and official capacity | : | |
| as the Director of Finance for the | : | |
| Connecticut Commission on Human | : | |
| Rights and Opportunities, LINDA | : | |
| YELMINI, in her individual and official | : | |
| Capacity as the Director of the Office | : | |
| Of Labor Relations of the Office of | : | |
| Policy and Management, DONALD | : | |
| BARDOT, in his individual and official | : | |
| Capacity as Labor Relations Specialist | : | |
| Office of Labor Relations of Policy | : | |
| And Management, ADMINISTRATIVE | : | |
| AND RESIDUAL EMPLOYEES UNION, | : | |
| LOCAL 4200, CFEPE, AFT, AFL-CIO, | : | |
| | : | |
| *Defendants*. | : | June 10, 2004 |

**DEFENDANTS' CORRECTION TO MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

The defendants hereby correct a legal argument that appears in their memorandum of

law in support of summary judgment dated June 7, 2004. On pages 15-16, the defendants assert

that Connecticut law would give preclusive effect to the Department of Labor Referee's

1

findings of fact, Ex. 101. That is not so. Counsel recently uncovered a state statute that limits the preclusive effect of factual rulings by the Referee in state court. See Conn. Gen. Stat. § 31-249g (b). Since the federal court would look to state law to determine the preclusive effect of the referee's ruling, the referee's ruling would not be legally binding upon a state court. Kremer v. Chemical Construction Corp., 465 U.S. 461, 102 S. Ct. 1883 (1982). Counsel apologizes for the error.

    Instead, the controlling case for the admission of such evidence and the substantial weight that must be given such a ruling is found in the case of Collins v. New York City Transit Authority, 305 F.3d 113 (2d Cir. 2002). In Collins, the court held that the decision of a neutral arbitrator is admissible and will attenuate a plaintiff's proof of the causal link establishing illegal discrimination. After an evidentiary hearing, a decision based on substantial evidence is accorded deference unless the plaintiff can prove that the decision was wrong as a matter of fact – for example that new evidence not before the tribunal or that the impartiality of the tribunal was compromised. Id. at 119-120. By logical extension, the same reasoning would apply to decision of the Department of Labor Referee's finding that Richardson was terminated for intentional misconduct.

    In the present case, the evidence (Exhibits 98, 99, 100 & 101) more than substantiates the referee's factual findings. The plaintiff was represented by counsel and witnesses were called during three days of evidentiary hearings. The plaintiff even offered additional evidence after the hearing and fully briefed the legal issues advancing several arguments. Her arguments were rejected because the evidence of the plaintiff's intentional misconduct was apparent.

    When the court considers that its role is not to second the employer's business judgment, coupled with the burden the plaintiff carries to show actual race discrimination and

pretext, the plaintiff's case fails because her simple disagreement with her employer's decision is not enough to sustain her burden.  No entity that has looked at the plaintiff's allegations has concluded to the contrary.  The Labor department, the CHRO, the personnel investigator and the Public Auditors have all rejected the plaintiff assertions because they have no merit.

Therefore, the defendants request that the court give substantial weight to the findings of the Department of Labor Referee and hold the plaintiff to the heighten burden articulated in Collins.

                                DEFENDANTS,

                                RICHARD BLUMENTHAL
                                ATTORNEY GENERAL


BY: _____
      Joseph A. Jordano  (ct 21487)
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT 06141-0120
      Tel: 860-808-5340
      Fax: 860-808-5383
      E-mail: Joseph.Jordano@po.state.ct.us

**CERTIFICATION**

The undersigned hereby certifies that on the 10th day of June, 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

Royce Vehslage, Esq.
Genevese, Vehslage & LaRose
500 Enterprise Drive
Rocky Hill, CT  06067

Brian A. Doyle, Esq.
Ferguson, Doyle & Springer
35 Marshall Road
Rocky Hill, CT  06067
Counsel for Defendant A&R Employees Union

Cynthia Jennings, Esq.
Barrister Law Group
211 State Street
Bridgeport, CT  06604

_____
 Joseph A. Jordano
Assistant Attorney General