UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONYER M. RICHARDSON,
Plaintiff,
V.

Case NO. 3:02CV625(AVC)

STATE OF CONNECTICUT,
CONNECTICUT COMMISSION ON
HUMAN RIGHTS, OFFICE OF
POLICY AND MANAGEMENT,
CFEPE-AFT, AFL-CIO, ET AL.,
Defendants.

June 20, 2005

### PLAINTIFF'S MOTION FOR CORRECTED JUDGMENT

Pursuant to Fed. Rules of Civ. Pro. § 54(b), plaintiff is requesting a corrected judgment on the March 31, 2005 decision by the U.S. District Court, (document no. 37), entitled <u>Ruling on the Defendant's Motion for Summary Judgment.</u> As it now stands, the Honorable Alfred V. Covello, United States District Judge, has granted "the defendant's" motion for summary judgment. The Civil Docket for Case 3:02-cv-06625-AVC is marked closed, and the Civil Docket states that on 3/31/05 a ruling granting Summary Judgment was signed by Judge Alfred V. Covello. Further, the Civil Docket indicates that on 3/31/05 a judgment in favor of the defendants against the plaintiff was signed by

the Clerk on 3/31/05 and entered on 4/1/2005 (document no. 65). The plaintiff now moves for a Corrected Judgment for the following reasons:

### All Defendants Listed in this Case did not Move for Summary Judgment

In his Ruling dated March 31, 2005, The Honorable Judge Alfred V. Covello, stated that "The defendants, State of Connecticut Commission on Human Rights ("CHRO"), Office of Policy and Management ("OPM"), Leanne Appleton, and Cynthia Watts-Elder now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment[;]." The Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO ("union") did not file a Motion for Summary Judgment. The defendant union, was represented by Royce Vehslage of Genevese, Vehslage & LaRose and Brian A. Doyle of Ferguson, Doyle & Springer. Neither of these attorneys nor their firms, filed a Motion for Summary Judgment in the instant case. Further, the Office of the Attorney General does not represent the union in this matter. The Motion for Summary Judgment that was filed, was filed on behalf of Richard Blumenthal, the Attorney General, and was signed by Joseph A. Jordano, Assistant Attorney General and David M. Teed, Assistant Attorney General. Defendant's Motion for Summary Judgment was filed on behalf of the Office of the Attorney General, and the State of Connecticut. It could *not* have been filed with the intention of moving for Summary

Judgment on behalf of the union, as the Office of the Attorney General does not represent the union.

**Summary Judgment was Expressly Granted Only for Counts I,II,III and IV**

FRCP § 54(b), Judgment Upon Multiple Claims or Involving Multiple Parties, states that "…when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an *express determination* (emphasis ours) that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to *any* of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In the instant case, the March 31, 2005 Ruling by Judge Covello, expressly grants summary judgment as to Count I; Count II; Count III; and Count IV of the complaint only. Count V of the complaint, was *not* expressly addressed in the Court's decision.

**The Appellate Court Lacks Jurisdiction**

Citing Royal Ins. Co. v. Kirksville Coll. Of Osteopathic Med., Inc., 304 F.3d 804,808 (8th Cir.2002), "[A]n order granting partial summary judgment dismissing one of several claims or parties is normally not final and appealable."

In this case, the Court granted summary judgment which operationally serves as a partial summary judgment, because the district court did not make an "express determination that there is no just reason for delay." Reiter v. Cooper, 507 U.S. 258, 265, 113 S.Ct. 1213, 1218 (1993). In citing Downie v. City of Middleburg Heights, 301 F.3d 688,692-93 (6th Cir. 2002). "Under [FRCP] 54(b), a party may appeal a district court order prior to the ultimate disposition of a case, but the district court is first required to certify that the order is appealable. To certify an order for immediate appeal, a district court must: (1) expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case, and (2) express[ly] determine[e] that there is no just reason to delay appellate review.[P] [T]he first step in certification, entry of partial final judgment, is satisfied where *some decision* made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action. The district court need not *enter* the partial final judgment in its certification of an immediate appeal pursuant to [FRCP] 54(b); it simply must *recognize*

that such a partial final judgment has been entered." (internal quotes omitted.)

In this case, the District Court did not expressly determine that there is no just reason to delay appellate review, and the District Court did not *recognize* that such a partial final judgment has been entered.

Smith v. Half Hollow Hills Cent. Sch. Dist., 293, F.3d 168, 171 (2d Cir. 2002), states that "We have repeatedly held that in making the express determination required under [FRCP] § 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation. As a general rule, such an explanation is necessary in order for there to be meaningful appellate review of a district court's decision to certify a judgment under Rule 54(b).

In this case, the District Court gave no express determination and no reasoned explanation relative to Count V of the Complaint. Count V was simply not mentioned in the decision, nor was the union mentioned in the decision as one of the parties moving for summary judgment. The March 31, 2005 Ruling on the Defendant's Motion for Summary Judgment, states that "The defendants, State of Connecticut Commission on Human Rights ("CHRO"), Office of Policy and Management ("OPM"), Leanne Appleton, and Cynthia Watts-Elder now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment." It is apparent in this express wording in the

decision, that the Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO ("union"), was not a party to this summary judgment ruling. Additionally, Count V of the decision, which refers specifically to the Duty of Fair Representation of the union, was not considered or expressly determined to be a part of this summary judgment ruling.

Turbos de Acero v. American Int'l Inv. Corp., 292 F.3d 471, 485 (5th Cir. 2002). States that "The [FRCP] § 54(b) requirement that the district court must have disposed of one or more claims in order to enter a final judgment, is jurisdictional. [¶] When some of the facts form the basis for several claims, the existence of separate claims for purposes of [FRCP] § 54(b) depends on analysis of their distinctness."

In the instant case, Count V was not addressed for separate analysis in the decision on defendant's motion for summary judgment, and the union (Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO) was not mentioned as a party in the decision on Defendant's Motion for Summary Judgment, by the Court.

## Conclusion

For the above reasons, the plaintiff, respectfully requests that the District Court correct the March 31, 2005 ruling on defendant's Motion for Summary Judgment.

Respectfully submitted
For Plaintiff

By: _____
Cynthia R. Jennings, Esq., (ct21797)
The Barrister Law Group, LLC.,
211 State Street, 2nd Floor
Bridgeport, Ct 06604
Tel: 203-334-4800  Fax: 203-333-7178
Email:Cynthia_Jennings_law@yahoo.com

## CERTIFICATION

This is to certify that a copy of Plaintiff's Motion for Corrected Judgment, was sent on via U.S. mail on June 20, 2005, to Counsel of Record as shown below:

Joseph A. Jordano
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

James Sconzo
Halloran & Sage
225 Asylum Street
Hartford, CT 06103

Brian A. Doyle
Ferguson, Doyle & Springer
35 Marshall Rd.
Rocky Hill, CT 06067

Cynthia R. Jennings, Esq.,