UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONYER RICHARDSON,<br>    Plaintiff, | :   CIVIL ACTION<br>:   NO. 3:02 CV 0625 (AVC)<br>: |
| V. | :<br>: |
| STATE OF CONNECTICUT, ET AL,<br>    Defendants. | :   JULY 11, 2005<br>: |

**OBJECTION TO PLAINTIFF'S MOTION FOR CORRECTED JUDGMENT**

The Defendant, Administrative and Residual Employees Union, Local 4200 CFEPE, AFT, AFL-CIO (hereinafter, the "Union"), hereby objects to the Plaintiff's Motion for Corrected Judgment dated June 20, 2005.

**I.   BACKGROUND**

The plaintiff is a former member of the Union. (Complaint, ¶ 5.) She filed the instant Complaint on April 9, 2002 against the Union and the State of Connecticut Commission on Human Rights ("CHRO"), Office of Policy and Management ("OPM"), Leanne Appleton, Linda Yelmini, Donald Bardot and Cynthia Watts-Elder. In Count One, the Plaintiff claimed that the CHRO retaliated against her and discriminated against her based on her race and color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"). In Count Two, the Plaintiff alleged that Ms. Watts-Elder, in her official capacity, discriminated and retaliated against the Plaintiff, in violation of 42 U.S.C. §§ 1983 and 1981. In Count Three the Plaintiff claims that OPM violated Title VII and CFEPA by

discriminating and retaliating against the Plaintiff. Count Four contains a claim of retaliation against Ms. Yelmini and Mr. Bardot under Sections 1983 and 1981. Finally, Count Five is directed at the Union, and alleges violations of Title VII, CFEPA, Sections 1981 and 1983, and a breach of the duty of fair representation.

The Plaintiff generally alleged that she was wrongly evaluated, warned, suspended and eventually terminated. (Complaint, ¶40.) She claims that these actions were racially motivated and in retaliation for previous discrimination complaints and grievances. (Complaint, Counts One through Four.) The Plaintiff grieved her adverse employment actions under applicable collective bargaining agreement (the "CBA"). The grievances proceeded through steps one, two and three, and she thereafter requested arbitration of her grievances. (Complaint, ¶ 46.) Prior to requesting arbitration, however, the Plaintiff filed administrative complaints of discrimination with the CHRO based on the allegedly discriminatory conduct. (Complaint, ¶44.)

The CBA states, in pertinent part:

Notwithstanding any other provisions of this agreement, the following matters shall be subject to the grievance procedure but not to arbitration:

. . .

disputes over claimed unlawful discrimination shall be subject to the grievance procedure but shall not be arbitrable if a complaint is filed with the Commission on Human Rights and Opportunities arising from the same common nucleus of operative fact.

(Court's Opinion dated March 31, 2005 ("Court's Opinion"), p. 22.) Pursuant to this provision, and because the Plaintiff's had administratively filed with the CHRO, the Union refused to arbitrate her grievances. (Complaint, ¶¶ 48, 49.)

In June 2004, all named Defendants except the Union filed a Motion for Summary Judgment regarding the Complaint. In an opinion dated March 31, 2004, the Court granted the Motion for Summary Judgment. In its decision, the Court specifically held that the CBA provision agreeing not to arbitrate grievances that were also filed as administrative complaints did "not violate the F[ederal] A[rbitration] A[ct]." (Court's Opinion, p. 23.) The Court further held that enforcement of this collectively bargained provision could "not give rise to an inference [of] discriminatory animus." Id. at 23. Judgment in favor of all Defendants was entered by the Clerk on March 31, 2005.

Thereafter, on April 29, 2005, the Plaintiff filed a Notice of Appeal, appealing the decision to the United States Court of Appeals for the Second Circuit. On June 9, 2005, the Second Circuit dismissed the appeal and entered a mandate based on the Plaintiff/Appellant's failure to file Forms C and D. On June 20, 2005, the Plaintiff filed a Motion for Corrected Judgment with this Court. A day later, on June 21, 2005, the Plaintiff/Appellant filed a motion to reopen the appeal, which was objected to by the Union. That motion has not yet been ruled upon.

## II.   LEGAL ARGUMENT

The Plaintiff's Motion for Corrected Judgment should be denied because: 1) Federal Rule of Civil Procedure 54(b) is not applicable in this case; 2) the Court lacks

jurisdiction under Rule 60 to amend its judgment; and 3) the law of the case doctrine dictates that judgment enter in favor of the Union.

A. **Rule 54(b) is Not Applicable in the Instant Case.**

The Plaintiff argues that the entry of judgment against the Plaintiff on all claims was not appropriate because Federal Rule of Civil Procedure 54(b) was not complied with. She further argues that the Court's alleged non-compliance with Rule 54(b) deprives the Appellate Court of jurisdiction in this case. However, the Plaintiff misconstrues Rule 54(b) and improperly seeks a determination from this Court that the Appellate Court lacks jurisdiction.

"The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." Orion Financial of S.D. v. American Foods Group, 201 F.3d 1047, 1049 (8th Cir. 2000). "Rule 54(b) is a device to make a judgment 'final' and allow immediate execution--or allow a prevailing party to go his way secure that the case against him is over." Matter of Morse Elec. Co., Inc., 805 F.2d 262, 265 (7th Cir. 1986). Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is

>    subject to revision **at any time before the entry of judgment** adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added.)

Rule 54(b), by its terms, is applicable only in situations where judgment has not yet entered. In situations like the present case, where the Plaintiff is seeking to amend a previously entered judgment, Rule 54(b) is not applicable. Rule 54(b) is rather a device to alter a decision that is not immediately appealable into one that is.

The Second Circuit Court of Appeals has held that there are three prerequisites to the entry of final judgment under Rule 54(b): "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir.1992). Here, the Plaintiff has not even argued that there is no just reason for delay in this case.[1] Rather, the Plaintiff seems to be arguing that a 54(b) judgment was in fact entered, but should not have been because the required determinations were not expressly made by the Court. (See Motion for Corrected Judgment, pp. 4-6.) However, Rule 54(b) does not provide an avenue to correct a

---

[1] "Generally, a district court may properly make a finding that there is no just reason for delay only when there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying the prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." In re Ski Train Fire in Kaprun, Austria on November 11, 2000, 2005 WL 1523508, *2 (S.D.N.Y. 2005).

judgment, but only allows parties to seek a judgment to appeal an order.  See Orion Financial, supra, at 1049.

The Plaintiff's attempt to amend the judgment in this case with a motion filed pursuant to Rule 54(b) also fails because it is untimely.  This is true not merely because it was filed after the date the judgment entered, but also because it was not filed for over two and a half months after the Court's decision.  Though Rule 54(b) does not specify a deadline for filing motions seeking judgments, they certainly must be filed before judgment, and "prudent practitioners will seek Rule 54(b) determination promptly, and within the familiar 10-day period allotted for alterations or amendments to 'judgments.'" Baicker-McKee, Janssen and Corr, Federal Civil Rules Handbook, (Thomson-West 2005) at 852.

The Plaintiff argues that the Appellate Court lacks jurisdiction because the Court did not comply with Rule 54(b).  However, this argument is not properly before this court, because the Appellate Court must decide its own jurisdiction.  Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 554 (9th Cir. 2003) ("A court must always decide for itself its own jurisdiction."), citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Because Rule 54(b) provides the Plaintiff no recourse in this case, her Motion for Corrected Judgment should be denied.

### B. The Court Also Lacks Jurisdiction to Amend the Judgment Under Rule 60.

Insofar as the Plaintiff's Motion can be considered a motion to correct judgment pursuant to Federal Rule of Civil Procedure 60(a), that claim plainly fails as well. Rule 60(a) Provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

However, the Rule continues: "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter with leave of the appellate court."

Here, the Plaintiff has moved the Court, without specifically citing Rule 60, for a "corrected judgment," based on a purported error in applying the judgment to the claims against all Defendants. However, pursuant to Rule 60(a), such a correction may not be made, even if merited, without the leave of the Appellate Court. In this case, the Plaintiff's appeal has been docketed, and the parties are currently awaiting determination from the Appellate Court. No leave to correct the judgment was granted by the Appellate Court, and the Plaintiff's Motion for Corrected Judgment should therefore be denied pursuant to Rule 60(a).

**C. Even if the Court Were to Re-Examine its Decision, No Error Exists that is in Need of Correction.**

The Union does not contest the fact that it never moved for summary judgment in this case, or that the Court's opinion does not specifically address Count V, which is directed to the Union. However, no modification to the judgment is necessary, as the claims against the Union were all addressed in the Court's Opinion, and the Union is entitled to judgment based on the law of the case.

"The doctrine of the law of the case 'posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case.'" Aramony v. United Way of America, 254 F.3d 403, 410 (2d Cir.2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 165 n. 5 (2d Cir.2000), cert. denied, 532 U.S. 920, 121 S.Ct. 1356, 149 L.Ed.2d 286 (2001)). Here, the "law of the case" establishes that the CBA provision at issue was non-discriminatory and non-retaliatory, and the Union is entitled to judgment as a matter of law.

In her Complaint, the Plaintiff claimed that the Union violated Title VII, 42 U.S.C. §§ 1981 and 1983 and CFEPA, as well as the duty of fair representation. (Complaint, Count One.) These claims are based on the two following factual allegations, contained in the Fifth Count, Paragraphs 78 and 79:

> 78) In negotiating and executing a collective bargaining agreement that allowed the State, through OPM, to retaliate against employees, including Ms. Richardson, who exercised their rights to file discrimination complaints with the CHRO and the EEOC, the defendant union has discriminated against Ms. Richardson, and other similarly situated union members, and aided and abetted

>
> OPM's discrimination, because they previously opposed and field complaints of discrimination with those agencies[; and]
>
> 79) In withdrawing its appeal of Ms. Richardson's grievances to arbitration because she had filed complaints of discrimination and retaliation with the CHRO and the EEOC, the defendant union has discriminated against Ms. Richardson because she previously opposed discrimination and filed these discrimination complaints.

Notably, Paragraph 78 above contains almost exactly the same language as Paragraph 64, which is the claim directed at OPM alleging that the CBA provision at issue was discriminatory and retaliatory.

Indeed, the Court has already addressed these claims against the Union. In its opinion, the Court stated: "Here, Richardson and her Union have agreed not to arbitrate – the CBA includes an express provision <u>not</u> to arbitrate. The provision does not violate the FAA, and it cannot give rise to an inference that OPM, by enforcing the terms of the CBA, was motivated by a discriminatory animus." (Court's Opinion, p. 23.) OPM was consequently granted judgment as a matter of law on the Title VII claim against it. <u>Id.</u> The claim against the Union in this case is also that it wrongfully executed and abided by the CBA provision prohibiting arbitration in certain cases. The Court's Opinion addressed this issue and found there to be no discrimination or retaliation by virtue of the provision. As such, the Title VII claims against the Union fail under the law of the case doctrine.

The Court's holding not only disposes of the Title VII claims against the Union, but the other claims as well. The Court also held elsewhere in its Opinion that the same

analysis applies to 1983 claims as to Title VII claims, meaning that the 1983 claim must also fail. (Court's Opinion, p. 21.) Under the Court's decision, the Section 1981 claim also fails because Section 1983 provides the exclusive remedy for an alleged violation of rights conferred by Section 1981. (Court's Opinion, p. 20.) Moreover, CFEPA claims are analyzed under the same framework as the Title VII claims, meaning that they fail as well. See State v. Commission on Human Rights and Opportunities, 211 Conn. 464, 469-70 (1989)). The Fair Representation claim also fails because, according to the Court's Opinion, the Union was simply abiding by the terms of a collectively bargained agreement. (Court's Opinion, p. 23.)

Because the law of the case disposes of all of the Plaintiff's claims against the Union, judgment was appropriately entered against the Plaintiff as to all claims in her Complaint. The judgment in this case requires no correction, and the Plaintiff's Motion for Corrected Judgment should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's Motion for Corrected Judgment, or alternatively, amend the judgment to include specific reference to granting judgment in favour of the Union.

THE DEFENDANT:
ADMINISTRATIVE AND RESIDUAL
EMPLOYEES UNION, LOCAL 4200
CFEPE, AFT, AFL-CIO

By _____/s/_____

James M. Sconzo and
Fed. Bar #ct04571
Jonathan C. Sterling
Fed. Bar #ct24576
JORDEN BURT LLP
175 Powder Forest Drive
Suite 201
Simsbury, CT 06089
(860) 392-5000

## **CERTIFICATION**

This is to certify that on this 11th day of July, 2005, I hereby mailed a copy of the foregoing to:

Cynthia Renne Jennings, Esq.
The Barrister Law Group, LLC
211 State Street, 2nd Floor
Bridgeport, CT 06604
(plaintiff)

Brian A. Doyle, Esq.
35 Marshall Road
Rocky Hill, CT 06067
(Administrative & Residual Employees)

_____/s/_____
Jonathan C. Sterling