UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONYER RICHARDSON, | : | CIVIL ACTION |
|     Plaintiff, | : | NO. 3:02 CV 0625 (AVC) |
| V. | : | |
| STATE OF CONNECTICUT, ET AL, | : | AUGUST 15, 2005 |
|     Defendants. | : | |

**SUR-REPLY TO PLAINTIFF'S MOTION FOR CORRECTED JUDGMENT**

Pursuant to Local Rule 7(d), the Defendant, Administrative and Residual Employees Union, Local 4200 CFEPE, AFT, AFL-CIO (hereinafter, the "Union"), files the instant Sur-Reply to the Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Corrected Judgment filed August 1, 2005 (hereinafter, the "Reply").

I.   **Subsequent Procedural Development**

On August 4, 2005, the parties participated in a telephonic conference with staff counsel for the Second Circuit regarding the plaintiff's appeal of the Court's judgment in this case. Therein, it was agreed that the plaintiff's appeal of this case was premature, and that it would be withdrawn. The plaintiff forwarded a "Stipulation Withdrawing Premature Appeal" to the Union's attorneys, which was signed and returned to the plaintiff's attorney. On information and belief, that Stipulation has been filed with the Second Circuit.

## II. The Plaintiff's Argument that F.R.C.P. 54(b) Applies Misunderstands that Rule.

The basis for the plaintiff's request that the judgment in this case be corrected is Rule 54(b).[1] (Reply, p. 9.) The plaintiff has made two (2) arguments in her Reply and Memorandum in Support of Motion for Corrected Judgment. First, that the Court should amend its judgment under Rule 54(b), and, second, that the Appellate Court lacks jurisdiction to hear the appeal. (Reply, pp. 8-21;[2] Memorandum in Support of Motion for Corrected Judgment, pp. 4-6.) Now that the parties have stipulated to the dismissal of the appeal, the latter argument is beside the point.

In her Reply, the plaintiff argues that 54(b) is applicable to the instant case. She acknowledges that "[t]he sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." (Reply, 9.) The plaintiff further argues on pages 13-14 and 19-21 that two (2) of the three (3) prerequisites to entry of a 54(b) order have been satisfied: "(1) multiple claims or multiple parties [are] present, [and] (2) at least one claim, or the rights and liabilities of at least one party, [was] finally decided within the meaning of 28 U.S.C. § 1291." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir.1992). However, she argues that the third and final prong for a 54(b) order was not met in that the Court did not "make 'an express determination that there is no just reason for delay'

---

[1] The plaintiff has conceded that she does not base her motion on Rule 60. (Reply, pp. 21-22.)
[2] Sections II.B, D, E, F, G, H, I, K, L, M and N all make essentially the same argument that the Union did not file a motion for summary judgment in this case, and that the Court's ruling granting summary judgment to the defendants did not specifically address the claims against the Union.

-2-

and expressly direct the clerk to enter judgment." Id. The plaintiff argues that no determination of express delay was made by the Court. (Reply, p. 14.) She argues, therefore, that "[i]f there is no final judgment in this matter, then judgment could not have entered, and the filing of a Rule 54(b) motion to correct judgment, was timely." (Reply, p. 20.)

In fact, judgment did enter in the case, by the March 31, 2005 order signed by Jo-Ann Walker, Deputy Clerk. If the plaintiff disagrees with that entry of judgment, 54(b) is certainly not the avenue for her complaints, as that Rule, by its terms, only provides relief in situations where judgment has not yet entered. This point is not even addressed by the plaintiff in her Reply, and no caselaw exists to support the position that Rule 54(b) can be used to "correct" or amend a judgment that has already entered. There was no motion under 54(b) to make a judgment final in this case, and therefore, the judgment that entered did not enter pursuant to 54(b). As such, the three (3) requirements of a Rule 54(b) order need not have been complied with. Rule 54(b) is simply inapplicable to this case.

### III. Summary Judgment Should Be Granted to the Union Regardless of the EEOC's Determination, Which Is Not Binding on the Court.

The plaintiff argues in her Reply, for the first time, that a "determination" by the EEOC that contract language was retaliatory (Reply Exhibit One) should preclude the application of the summary judgment ruling to the Union. (Reply, pp. 7, 11-12, 24-29.) The plaintiff contends that the Union, had it filed for summary judgment, would have

-3-

been required to disclose this determination to the Court, and that the Court somehow erred in not considering the EEOC determination, even though that determination was never before the Court.[3]  Id.

As an initial matter, an EEOC determination is not binding on a Court.  The fact is that courts routinely grant summary judgment to employers who have had an adverse finding made against them by the EEOC.  See, e.g., Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1331 (10th Cir.1999) ("Finally, Mr. Simms makes much of the fact that the EEOC had issued a favorable letter of determination regarding his claim of race-based failure to promote, and that he had presented the letter to the district court. However, when the independent facts before the district court judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one."); Green v. Harris Publications, Inc., 331 F.Supp.2d 180, 195 (S.D.N.Y. 2004) ("Even assuming the EEOC's conclusion that plaintiff was constructively discharged because of his race is admissible, the EEOC determination is not binding, and on the record before the Court, no reasonable jury could find a constructive discharge. Accordingly, defendants' motion for summary judgment with respect to this claim is granted."); Williams v. Alabama Indus. Dev't Tr'g, 146 F.Supp.2d 1214, 1224 (M.D.Ala.2001) (Granting summary judgment to employer, stating "Article III

---

[3] Insofar as the plaintiff is attempting in Section D (pp. 22-29) of her Reply to persuade the Court to reconsider its decision on the motion for summary judgment, this is not the forum to attack what has already been established as the law of the case.  The deadline for motions for reconsideration is 10 days, and the local rule contains certain technical requirements that were not complied with in this case.  L.Civ.R 7(c).

of the Constitution vests the judicial power in judges appointed by the President and confirmed by the Senate. EEOC investigators usually are kindly people. But there should be no confusion that they cannot usurp the judiciary's role in determining whether there is a genuine issue of material fact."); Bynum v. Fort Worth Indep. Sch. Dist., 41 F.Supp.2d 641, 657 (N.D.Tex.1999) (Granting summary judgment in favor of employer and stating "[t]he court is persuaded that it should not treat the favorable EEOC letter of determination in this case as creating an issue of fact. The summary judgment record independent of the letter of determination does not raise an issue of material fact that would prevent the grant of summary judgment.").

Moreover, the EEOC's determination should be ignored for the additional reason that it is fundamentally flawed and contradicts caselaw. Courts have specifically held that a collective bargaining agreement provision disallowing arbitration where an administrative proceeding is pending is non-retaliatory. See, e.g., New England Health Care Employees Union v. Rhode Island Legal Services, 2001 WL 34136692 (D.R.I 2001).

The plaintiff maintains that "the Union, had they filed for Summary Judgment, would have had to disclose to the Court, the EEOC Determination by Robert L. Sanders, Director of the U.S. Equal Employment Opportunity Commission (EEOC) Boston Area Office, dated April 1, 2003." (Reply, p. 11.) However, the plaintiff has not cited and cannot cite any precedent indicating that there is some duty on the part of any of the defendants to disclose such a finding. Rather, it is the plaintiff's obligation to

point to a genuine issue of a material fact to withstand summary judgment. See James v. New York Racing Assoc., 233 F.3d 149, 154 (2d Cir.2000) ("[O]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination."); Williams v. R.H. Donnelly Corp., 368 F.3d 123, 126 (2d Cir.2004) (Holding that a plaintiff bears the initial burden of establishing a prima facie case of discrimination.)  The plaintiff, in her September 27, 2004 Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, the plaintiff omits to mention the determination.  She now claims that the "Court has erred in failing to take the EEOC determination into consideration." (Reply, pp. 28-29.)  This argument should be swiftly discounted by the Court.

### IV.   The Plaintiff's Reply Brief Fails to Conform with the Local Rules.

Finally, the plaintiff's Reply is untimely, and should not be considered by the Court.  The Union's Opposition Brief was filed on July 11, 2005.  Under Local Rule 7(d), "[a]ny reply brief must be filed within 10 days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6."  Therefore, the plaintiff had until July 25, 2005 within which to reply.  However, her Reply was not filed until August 1, 2005.  No extension was sought or obtained with regard to this deadline.

Moreover, Local Rule 7(d) mandates that reply briefs must not exceed ten (10) pages in length.  Here, the Reply Brief is twenty-nine (29) pages, well in excess of the limit mandated by the local rules.

As demonstrated above, none of the arguments raised in the Reply Brief have merit. However, because the Reply Brief does not conform to the Local Rules, the Court should not even review that pleading.

## V. Conclusion

For the foregoing reasons, the Court should deny the plaintiff's Motion for Corrected Judgment, or alternatively, amend the judgment to include specific reference to granting judgment in favor of the Union.

THE DEFENDANT:
ADMINISTRATIVE AND RESIDUAL
EMPLOYEES UNION, LOCAL 4200
CFEPE, AFT, AFL-CIO

By_____
James M. Sconzo and
Fed. Bar #ct04571
Jonathan C. Sterling
Fed. Bar #ct24576
JORDEN BURT LLP
175 Powder Forest Drive
Suite 201
Simsbury, CT 06089
(860) 392-5000

## **CERTIFICATION**

This is to certify that on this 15th day of August, 2005, I hereby mailed a copy of the foregoing to:

Cynthia Renne Jennings, Esq.
The Barrister Law Group, LLC
211 State Street, 2nd Floor
Bridgeport, CT 06604
(plaintiff)

Brian A. Doyle, Esq.
35 Marshall Road
Rocky Hill, CT 06067
(Administrative & Residual Employees)

Joseph Jordano, Esq.
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
(All other defendants)

_____
Jonathan C. Sterling