UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONYER M. RICHARDSON, | : | CASE NO. 3:02CV0625 (AVC) |
|     *Plaintiff*, | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES, OFFICE | : | |
| OF POLICY AND MANAGEMENT, | : | |
| CYNTHIA WATTS-ELDER, in her | : | |
| official capacity as Executive Director of | : | |
| Commissioner on Human Rights and | : | |
| Opportunities, LEANNE APPLETON, | : | |
| in her individual and official capacity | : | |
| as the Director of Finance for the | : | |
| Connecticut Commission on Human | : | |
| Rights and Opportunities, LINDA | : | |
| YELMINI, in her individual and official | : | |
| Capacity as the Director of the Office | : | |
| Of Labor Relations of the Office of | : | |
| Policy and Management, DONALD | : | |
| BARDOT, in his individual and official | : | |
| Capacity as Labor Relations Specialist | : | |
| Office of Labor Relations of Policy | : | |
| And Management, ADMINISTRATIVE | : | |
| AND RESIDUAL EMPLOYEES UNION, | : | |
| LOCAL 4200, CFEPE, AFT, AFL-CIO, | : | |
|     *Defendants*. | : | AUGUST 22, 2005 |

**MEMORANDUM IN SUPPORT OF OBJECTION AND
MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S
<u>REPLY TO MOTION TO ALTER JUDGMENT</u>**

    Defendant OPM objects and moves to strike those portions of the Plaintiff's July 31, 2005 Reply memorandum that references OPM.[1] Defendant submits that plaintiff's counsel

---

[1] Defendant OPM joins the reply of defendant Administrative and Residual Employees Union, Local 4200, CFEPE, AFL-CIO. Regarding Title VII, the court ruling on the legality of the CBA provision at issue is equally binding on the plaintiff's claim against the Union under Title VII.

has improperly attempted to use Rule 54(b) to vacate or modify the court's summary judgment in favor of defendant OPM.

Rule 54(b) provides that when a judgment is entered for less than all of the parties to a case, certain criteria must be met in order for the ruling to be a final judgment for the purpose of appeal. Nothing in that rule governs the actual modification of a judgment. Instead, Rule 54(b) simply governs when an appeal may be taken from a partial judgment. In contrast, Rule 60(b) specifically governs the modification of judgments.

### THERE IS NO INTERVENING CHANGE IN CONTROLLING LAW, NEW EVIDENCE, OR THE NEED TO CORRECT A CLEAR ERROR OF LAW JUSTIFYING RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT RULING.

As a preface, Defendant OPM notes that the plaintiff did not file a motion under Rule 60(b) to modify the judgment as against OPM. Instead, plaintiff's counsel makes references to two exhibits[2] in her reply memorandum that were not part of the plaintiff's summary judgment submission, as a basis for what amounts to Rule 60(b) relief.

The standard for granting a request for relief from a judgment is very strict. On more than one occasion the Court of Appeals has stated that a Rule 60(b) motion cannot be granted absent a showing of exceptional circumstances. Employer Mut. Cas. Co., v. Key Pharm., 75 F.3d 815, 824-25 (2d Cir. 1996); United States v. Sanchez, 35 F.3d 763, 677 (2d/ Cir. 1994); Stanger v. HER-FIC, S.A., 2002 U.S. Dist. LEXIS 14047 (D. Conn. 2002).

Furthermore, a Rule 60(b) motion **may not** be used to re-litigate matters already resolved. When the movant's real purpose for a Rule 60(b) motion is nothing more than a futile

---

[2] The two exhibits are EEOC findings that have no binding impact on this court or the parties. The EEOC never brought a legal action against the defendant OPM to litigate any such finding as required under Title VII if the EEOC wished to pursue a matter. Further, this court has already ruled that as a matter of law that the applicable provision of the CBA does not violate Title VII.

effort to have the District Court review its prior opinion, the motion must be denied. Stewart v. Paul O'Neil, 2002 U.S. Dist. LEXIS 15313 (S.D.N.Y. 2002).

Regarding the present case, in her memorandum plaintiff's counsel mentions two EEOC letters as the basis for what amounts to relief sought by the plaintiff under Rule 60(b).[3] However, given the argument presented in the plaintiff's reply memorandum, the only apparent basis for relief under the rule is "newly discovered" evidence that accompanied the plaintiff's Rule 54 motion.

### THERE IS NO "NEW" EVIDENCE TO JUSTIFY THE DISTRICT COURT REVERSING ITS EARLIER RULING.

The defendants note that the plaintiff's disguised request for relief from judgment under Rule 60(b) is limited to the plaintiff's Title VII claim relating to alleged retaliation based on a certain provision in the collective bargaining agreement covering the plaintiff's prior position.

It is axiomatic that before a request for relief from a judgment is granted, the movant must demonstrate exceptional circumstances justifying the requested relief. When the basis for relief is newly discovered evidence, the movant must establish facts showing that he could not, with due diligence, have discovered the evidence in time to submit it to the court with motion for a new trial.

In the instant case, the plaintiff's exhibits 1 & 2 to her memorandum are dated April 1, 2003, which the plaintiff was fully aware of long before her submission was filed in resistance to summary judgment. There was, and is, no way the plaintiff can meet the legal threshold burden required for relief based on newly discovered evidence.

---

[3] Rule 60(b) of the Federal Rules of Civil procedure provides six bases for relief from a judgment. They include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief from the judgment.

Furthermore, the exhibits the plaintiff attaches to her reply memorandum in support of her Rule 54 motion do not change the court's legal analysis that supports its decision granting summary judgment for defendant OPM. In her reply memorandum on page 16 under letter "J", plaintiff's counsel writes:

> The Court was silent on the EEOC determination against OPM in this matter. The EEOC determination never became an issue, nor did it play a role into any of the analysis conducted by the Court relative to OPM. The Court erred in not considering the EEOC determination relative to the summary judgment.

As confusing and obtuse as this paragraph is, given that the EEOC determination was not part of the plaintiff's summary judgment submission, it was hardly possible for the court to consider such a document. Nevertheless, the EEOC determination has no binding precedent. There was no factual inquiry or evidence adduced by the EEOC. The EEOC[4] issued its letter and the parties were unsuccessful at mediating a resolution of the matter.

Defendant OPM concurs with the court's reasoned opinion that supports its summary judgment ruling. There is no legal basis, and the plaintiff has offered no legal justification, to modify the summary judgment ruling as to OPM.

For all of the above reasons, the defendant OPM asks the court to strike that portion of the plaintiff's Rule 54 Reply Memorandum seeking to modify or reverse the summary judgment ruling as to the Office of Policy and Management.

---

[4] The EEOC counsel who handled the plaintiff's charges was a friend and former associate in the same law firm as the plaintiff's counsel, Jonathan Gould, who represented the plaintiff when the EEOC determination was issued in April 2003. Attorney Gould did not withdraw from the case until July 9, 2003.

DEFENDANT,
OFFICE OF POLICY
AND MANAGEMENT

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
email: Joseph.Jordano@po.state.ct.us

## CERTIFICATION

The undersigned hereby certifies that on the 22nd day of August, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

James M. Sconzo
John M. Sterling
Jorden Burt, LLP
175 Powder Forrest Drive
Suite 201
Simsbury, CT 06067

Brain A. Doyle, Esq.
35 Marshall Road
Rocky Hill, CT 06067

Cynthia Jennings, Esq.
Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604


_____
Joseph A. Jordano
Assistant Attorney General

5