# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONYER M. RICHARDSON, | : | |
| *Plaintiff* | : | |
| | : | |
| V. | : | CIVIL ACTION NO. |
| | : | 3:02CV0625 (AVC) |
| STATE OF CONNECTICUT, | : | |
| COMMISSION ON HUMAN RIGHTS AND | : | |
| OPPORTUNITIES, OFFICE OF POLICY AND | : | |
| MANAGEMENT, CYNTHIA WATTS-ELDER, in | : | |
| her official capacity as Executive Director of CHRO | : | |
| LEANNE APPLETON, in her individual and | : | |
| official capacity as the Director of Finance for the | : | |
| CHRO, LINDA YELMINI, in her individual and | : | |
| official capacity as the Director of the Office of | : | |
| Labor Relations of the Office of Policy and | : | |
| Management, DONALD BARDOT, in his | : | |
| individual and official capacity as Labor Relations | : | January 27, 2006 |
| Specialist, Office of Labor Relations of Policy | : | |
| and Management, ADMINISTRATIVE AND | : | |
| RESIDUAL EMPLOYEES UNION, LOCAL | : | |
| 4200, CFEPE, AFT, AFL-CIO, | : | |
| *Defendants* | : | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE NOTICE OF APPEAL

**I. INTRODUCTION**

1

On April 1, 2005 the court entered Judgment granting a Motion for Summary Judgment[1] and dismissing Plaintiff's claims against all defendants except Count 5 against Defendant Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO (hereafter referred to as "Union"). Plaintiff then filed a post-judgment motion on June 17, 2005.

On August 18, 2005 a stipulation to withdraw premature appeal was "so ordered" based upon the then pendency of Count 5.

On November 29, 2005 a Corrected Judgment[2] was filed in the above-captioned matter dismissing Plaintiff's claims against Defendant Union.  On December 23, 2005 Plaintiff filed a Notice of Appeal[3] seeking a re-opening of the appeal previously filed on June 17, 2005.  On January 9, 2006 an Order[4] granting Plaintiff's motion for re-opening the appeal was issued. Subsequently, by Order dated January 6 (sic)[5], the Order granting Plaintiff's motion for re-opening was vacated.

Plaintiff now files this Motion for Leave to File Late Notice of Appeal and as grounds therefore shows the following.

### A.  F.R.C.P. 4 (a) (5) Permits a Grace Period For Filing of the Instant Notice.

---

[1] A copy of the Judgment, dated 3/31/05, is attached hereto as Exhibit 1.
[2] A copy of the Corrected Judgment, dated 11/29/05, is attached hereto as Exhibit 2.
[3] A copy of the Notice to Re-Open, dated December 23, 2005, is attached hereto as Exhibit 3.
[4] A copy of the Order, dated January 9, 2006, is attached hereto as Exhibit 4.
[5] A copy of the Order, filed January 19, 2006, is attached hereto as Exhibit 5.

Under Rule 4(a), a notice of appeal in a civil case must be filed within 30 days after entry of judgment. F.R.A.P. 4 (a)(1)(A). The thirty-day period does not begin to run until a judgment is issued on a separate document and entered in the docket, F.R.A.P. 4 (a) (7) and the judgment is or becomes final. See FirsTier Mortgage Co. v. Investors Mortgage Insurance Co., 498 U.S. 269, 275-76 (1991) (holding that a notice of appeal filed before any appealable judgment has been entered becomes effective when an entered judgment becomes appealable).

The district court may extend that time period if (i) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) expires and (ii) the moving party establishes excusable neglect or good cause. F.R.A.P. 4 (a)(5).

The Corrected Judgment in the instant matter was entered on November 29, 2005. It was only at this point that an appealable judgment was entered. On December 23, 2005 Plaintiff filed a notice to re-open the earlier filed appeal, within the thirty day filing period permitted by F.R.A.P. 4.

Plaintiff believed that her Notice of Appeal was perfected based upon the Order of the Circuit Court of Appeal dated January 9, 2006 granting the Motion to Re-open. It was not until the subsequent Order filed on January 19, 2006 that Plaintiff learned that the Order granting the re-opening had been vacated.

Plaintiff's current Motion for Leave to file Late Notice of Appeal is within the time period prescribed by F.R.A.P. 4 (a) (5). The time for filing under Rule 4 (a) expired on December 29, 2005. Plaintiff has until January 30, 2006 to file for an extension of time to file a late notice of appeal, assuming all other factors are found.

**B.  There was Excusable Neglect for Plaintiff's Failure to File a Timely Notice of Appeal.**

The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), adopted a liberal test for assessing what neglect is excusable. The Court emphasized that "the determination is at bottom an equitable one, taking account of all relevant circumstances," including: (1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *Id.* at 395, 113 S.Ct. 1489. Moreover, in Pioneer, the Supreme Court referred to "excusable neglect" as an "elastic concept," 507 U.S. at 392 (internal quotation marks omitted).

The Second Circuit Court has held that the "more liberal" definition of excusable neglect articulated in Pioneer is applicable beyond the bankruptcy context where it arose. Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 249-50 (2d Cir. 1997) (per curiam), cert. denied, 522 U.S. 117 (1998) (quoting Weinstock v. Cleary, Gottlieb, Steen &

Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) cert. denied, 522 U.S. 1117 (1998); see also United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993).

Applying these principles of law, Plaintiff's filing of a Motion to re-open the earlier filed appeal rather than a new Motion to File Appeal was excusable neglect. The Motion to re-open was timely filed. Moreover, when the Circuit Court issued the Order granting the re-opening of the earlier filed appeal, it noted that it was being granted in the "absence of any opposition" from the other parties. There was therefore, no prejudice to the non-moving parties. Plaintiff acted in good faith and there has been no delay or impact upon the proceedings Additionally, in its Order vacating the January 9 Order granting the re-opening, the Court noted that excusable neglect was a permissible basis for the District Court to permit a late appeal.

The Second Circuit has held that "[i]n the typical case, the first two Pioneer factors will favor the moving party: "[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-moving party will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.), cert. denied, 531 U.S. 929 (2000). And rarely in the decided cases is the absence of good faith at issue." Silivanch v. Celebrity Cruise Lines, 333 F.3d 355, 366 (2d Cir. 2003).

    C.   **The "Unique Circumstances" Doctrine Provides an Additional Basis Justifying this Notice of Appeal Being Granted.**

5

Based upon the rationale of Thompson v. INS, 375 U.S. 384 (1964), there are "unique circumstances" that warrant the granting of Plaintiff's motion for Leave to file a late appeal. In Thompson the Supreme Court held that where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done, these "unique circumstances" permit late filing of an appeal. See also Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989); Cf. Hollins v. Department of Corrections, 191 F.3d 1324, 1328 (11th Cir. 1999) ("unique circumstances" excused petitioner's failure to timely file appeal, where counsel relied on district court's electronic records system which failed to show that final order had been entered).

Plaintiff relied upon the Order of the Circuit Court granting its Motion to re-open the earlier filed appealed and deemed its notice of appeal as timely and properly filed.

The Second Circuit has emphasized the third factor, the reason for the delay solely in cases where the non-moving party made an objection to the validity of the explanation given for the delay. Silivanch, supra at 366. In the instant case, no objections were filed by any of the opposing parties to the motion to re-open the earlier filed appeal. Therefore, this court should deem this motion to file a late appeal based upon excusable neglect and unique circumstances as also unopposed.

**II. CONCLUSION**

For the foregoing reasons Plaintiff respectfully submits that this Motion for Leave to File Late Notice of Appeal is within the requirements of the Federal Rules of Appellate Procedure and should be granted.

        FOR THE PLAINTIFF
        LEONYER M. RICHARDSON


        BY:_____
        Cynthia R. Jennings, Esq. (ct21797)
        THE BARRISTER LAW GROUP, LLC
        211 State Street
        Bridgeport, CT   06604
        Tel:  (203) 334-4800
        Fax: (203) 333-7178
        Email:  Cynthia_Jennings_Law@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum of Law in Support of Motion for Leave to File Late Notice of Appeal was served on January 27, 2006 by placing in the United States Mail, postage prepaid to the following parties:

    Joseph A. Jordano
    Assistant Attorney General
    55 Elm Street
    P. O. Box 120
    Hartford, CT   06141-0120

    Brian A. Doyle, Esq.
    Ferguson, Doyle & Springer
    35 Marshall Road
    Rocky Hill, CT   06067

    James Sconzo
    Jorden Burt LLP
    175 Powder Forest Drive
    Suite 201
    Simsbury, CT 06089

                                          _____
                                          Cynthia R. Jennings, Esq.