UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONYER M. RICHARDSON, | : | NO.  3:02CV0625 (AVC) |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES,  OFFICE | : | |
| OF POLICY AND MANAGEMENT, | : | |
| CYNTHIA WATTS-ELDER, in her | : | |
| official capacity as Executive Director of | : | |
| Commissioner on Human Rights and | : | |
| Opportunities, LEANNE APPLETON, | : | |
| in her individual and official capacity | : | |
| as the Director of Finance for the | : | |
| Connecticut Commission on Human | : | |
| Rights and Opportunities, LINDA | : | |
| YELMINI, in her individual and official | : | |
| Capacity as the Director of the Office | : | |
| Of Labor Relations of the Office of | : | |
| Policy and Management, DONALD | : | |
| BARDOT, in his individual and official | : | |
| Capacity as Labor Relations Specialist | : | |
| Office of Labor Relations of  Policy | : | |
| And Management, ADMINISTRATIVE | : | |
| AND RESIDUAL EMPLOYEES UNION, | : | |
| LOCAL 4200, CFEPE, AFT, AFL-CIO, | : | |
| *Defendants*. | : | February 2, 2006 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN APPEAL OUT OF TIME**

COMES NOW defendants Office of Policy and Management ("OPM"),

Commission on Human Rights and Opportunities ("CHRO"), Leanne Appleton, Cynthia

Watts Elder, Linda Yelmini and Donald Bardot, and for their objection to the plaintiff's

motion for leave to file an untimely appeal present the following information.

The plaintiff's very brief procedural history omits several key facts that may be pertinent to the pending motion. On March 31, 2005, the District Court granted summary judgment to all of defendants and dismissed the case. (Doc. # 64)  However, not addressed in the memorandum of decision was Count 5 against defendant Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO (hereinafter  the "union").   Pursuant to F.R.A.P. 4 (a)(1), on April 29, 2005 the plaintiff filed a notice of appeal. (Doc. # 66)  She did not file a request for reconsideration under Local Rule 7(c) or a motion for new trial under F.R.C.P. 59 within the 10-day period required by either rule.

On June 20, 2005, some  80 days after judgment was entered, the plaintiff moved for a corrected judgment.  (Doc. # 69)  Specifically, the plaintiff requested that the summary judgment ruling be corrected to reflect that Count 5 against the union was still pending before the court.  No new evidence was offered, nor did the plaintiff articulate and support any claim under Rules 59 and 60 of the Federal Rules. This motion was not timely filed under Rule 59(e).

On July 11, 2005, the union filed its objection to the plaintiff's motion for corrected judgment. (Doc. # 71)  Defendant OPM followed suit and filed its objection and motion to strike portions of the plaintiff's motion on August 22, 2005. (Doc. #s 75 and 76).

On  August 18, 2005, the parties stipulated that Count 5 was still pending before the court and the plaintiff withdrew her appeal to the Second Circuit Court of Appeals pursuant to Rule 54 (b). (Doc. # 77)

On November 23, 2005, the court granted the plaintiff's request for a corrected judgment (Doc. # 79) and entered judgment for the union as to Count 5 on November 29, 2005. (Doc. # 81)  This ruling eliminated all of the remaining claims and was a final order for the purpose of appeal under F.R.A.P. 4 (a).  The plaintiff did not file a timely appeal within 30 days (by December 29, 2005) as required under F.R.A.P. Instead, on December 23, 2005 the plaintiff filed with the Second Circuit Court of Appeals a motion to reopen the prior appeal that had been withdrawn.

On January 9, 2006, the Court of Appeals granted the request to re-open upon the mistaken belief that the plaintiff's motion for corrected judgment under F.R.C.P. 54 was the functional equivalent of a Rule 59 motion. Even if such a premise was true, the motion for the corrected judgment was not filed within the ten (10) days required under Rule 59(e) . On January 19, 2006, the Court of Appeals vacated its January 9, 2006 order and placed upon the plaintiff the burden of showing excusable neglect for not filing a timely appeal.

## ARGUMENT

At the outset, defendants Office of Policy and Management ("OPM"), Commission on Human Rights and Opportunities ("CHRO"), Leanne Appleton, Cynthia Watts Elder, Linda Yelmini and Donald Bardot  remind the court that it is not obligated to grant the plaintiff's request. While the plaintiff suggests a very liberal standard for the application of  "excusable neglect,"  it should not be automatic simply because counsel for the plaintiff so suggests.  Furthermore, the mistakes made regarding the present appeal were not done in reliance upon any representations by a judicial officer.  In fact,

the stipulation of withdrawal informed counsel that she could "appeal from a final judgment, i.e. adjudicating all the claims and rights and liabilities of all the parties . . ." Nowhere in the stipulation of withdrawal was plaintiff's counsel told or given any assurance that she could simply reopen an appeal that had been withdrawn. To suggest otherwise would be counter-intuitive because one cannot logically reopen something that no longer exists.

For instance, in Diocese of Rochester v. New York State Division of Human Rights, 305 A.D.2d 1000, 758 N.Y.S.2d 573 (2003), a employer sought a writ of prohibition to block a decision by the New York State Division Human Rights to reopen a discrimination matter that had been withdrawn. Though the court denied the employer's petition for the writ on different grounds, when discussing the issue of re-opening a matter that was withdrawn the court noted that " we conclude that the complainant's petition was effectively withdrawn and there was no appeal pending when SDHR reopened the complainant's case . . ." The same reasoning applies to the present action in which Ms. Richardson withdrew her appeal as premature. Therefore, there was no appeal to reopen.

The determination of whether a party's neglect is excusable is ultimately an equitable one. The court must consider all of the circumstances surrounding a party's omission by balancing the four factors set forth in Pioneer Investment Services co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Those factors include: (1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it

was within the reasonable control of the movant, and (4) whether the movant acted in good faith. <u>Id.</u> at 395.

As the court in <u>Pioneer</u> noted, in a typical case the first two factors will almost always favor the moving party.  In contrast, the court of appeals in <u>Silivanch v. Celebrity Cruises</u>, 333 F.3d. 355 (2d Cir. 2003) correctly recognized that in considering the third factor (the reason for the neglect)  " rarely if ever favors a party who fail[s] to follow the clear dictates of a court rule and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the <u>Pioneer</u> test."   <u>Silivanich</u>, 333 F.3d at 366-67.

Defendants raise this point because the courts have not granted  "*carte blanche*' permission excusing the deadline for the filing of an appeal.  The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. <u>Weinstock v. Cleary, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503, (1994) (quoting <u>In Re Cosmopolitan Aviation Corp.</u>, 763 F.2d 507, 515 (2d Cir.) *cert denied*, 475 U.S. 1032 (1985).  Plaintiff's counsel clearly understood the deadline for filing a timely appeal, having done so earlier in this case and in other cases. See <u>Bogle-Assegai v. CHRO, et al</u>, Case No. 05-1858-cv (2d Circuit)(case pending).

This very point was made by *this court* in the case of <u>Guerrrero v. State of Connecticut Department of Children and Families</u>, Case No. 3:01CV1278 (AVC) (D. Conn., June 14, 2004)(copy attached).  In <u>Guerrero</u>, plaintiff's counsel attempted explained his neglect in failing to file a timely appeal because the plaintiff was caring for his sick wife. In rejecting this argument, the court noted that counsel was aware of the 30

day limit for filing an appeal and that his failure to file a timely appeal did not constitute excusable neglect.

It is important to note that nowhere in the plaintiff's pleading does counsel explain why she was confused about the rule for filing an appeal after a final judgment. On page 6 of the plaintiff's memorandum, counsel explains that her confusion was caused by her reliance upon the Second Circuit Court of Appeal's order granting the request to reopen the appeal where she explains that, "plaintiff relied upon the Order of the Circuit Court granting its Motion to reopen the earlier filed appealed and deemed its notice of appeal as timely and properly filed." Ironically, the plaintiff's counsel could not have relied upon a court ruling that did not occur until **January 9, 2006, some seven (7) days AFTER the appeal period had run.** Such an explanation not only defies the facts, but counsel's suggestion that no objection to re-open the appeal should be interpreted as acquiescence to this motion is incorrect. Defense counsel for OPM, CHRO, et al,. did not object because the appeal period had not yet run as of December 23, 2005 and it was not defense counsel's role to educate plaintiff's counsel about the Federal Rules of Appellate Procedure.

Ultimately this court must decide whether the excuse by plaintiff's counsel meets the test for excusable neglect. These defendants submit that it does not. Plaintiff's counsel knew after the pre-argument conference before staff counsel for the Court of Appeals that her appeal was premature based upon her representation that all of the claims had not been resolved by the District Court. Accordingly, the appeal was withdrawn based on the express wording of the stipulation that the plaintiff could appeal a final judgment after all the claims were addressed by the District Court. There was

nothing in the stipulation suspending or staying the appeal, subject to being reopened,

pending a resolution of the pending motion for a corrected judgment.

### **CONCLUSION**

For all of the above reasons the plaintiff motion for leave to file an appeal out of

time should be denied.


DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____

Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 2nd day of February, 2006, a true

and accurate copy of the foregoing was sent by United States mail, first class postage

prepaid, to the following:

Cynthia Jennings, Esq.
The Barrister Law Group, LLC
211 State Street, 2nd Floor
Bridgeport, CT 06604

Brian Doyle, Esq.
Ferguson, Doyle & Springer
35 Marshall Road
Rocky Hill, CT 06067

James Sconzo, Esq.
Johnathan Sterling, Esq.
Jordan Burt LLP
175 Powder Forest Drive
Simsbury, CT 06089


_____
Joseph A. Jordano
Assistant Attorney General