UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONYER M. RICHARDSON,<br>   Plaintiff, | :<br>:<br>: |
| VS. | :   Civil No. 3:02CV0625 (AVC) |
| | : |
| STATE OF CONNECTICUT, ET AL.<br>   Defendants. | :<br>: |

### RULING ON THE PLAINTIFF'S MOTION FOR LEAVE
### TO FILE A LATE NOTICE OF APPEAL

This is an action for money damages and equitable relief brought in connection with a failed employment relationship. The plaintiff, Leonyer M. Richardson, an African American woman, alleges that the Connecticut Commission on Human Rights and Opportunities ("CCHRO") retaliated against her for engaging in protected activity and terminated her employment on account of her race and color, in violation of the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), et. seq. at §§ 2000e-2 and 3, and the Connecticut Fair Employment Practices Act ("CFEPA"), C.G.S. §§ 46a-58(a), 60(a)(1), (4) and (5). On March 31, 2005, the court granted that the defendants' motion for summary judgment and thereafter entered judgment for the defendants.

The plaintiff now moves pursuant to Fed. R. App. P. 4(a)(5)(A) for leave to file a late notice of appeal on the ground that her failure to file a timely notice of appeal

constitutes excusable neglect.

The issue presented is whether the court can authorize the plaintiff to file a late notice of appeal where the plaintiff appealed a decision of this court before it became final, withdrew that appeal, and upon receipt of a final judgment, filed a motion to re-open the previous notice of appeal instead of refiling a new notice of appeal.

For the reasons hereinafter set forth, the court can authorize the late filing and accordingly, the motion is GRANTED.

## **FACTS**

On April 9, 2002, the plaintiff, Leonyer M. Richardson, an African American woman, filed a complaint against the CCHRO claiming that agency and others had terminated her employment and retaliated against her on account of her race and color in violation of Title VII and the CFEPA.  On June 14, 2004, the defendants filed a motion for summary judgment.  On March 31, 2005, the court granted that motion and dismissed the case as against all defendants.  On April 29, 2005, the plaintiff filed a notice of appeal with this court pursuant to Fed. R. App. P. 4(a)(1).  On June 20, 2005, the plaintiff notified this court that one of the eight defendants, Administrative and Residual Employees Union, Local 4200, CFEPE, AFT, AFL-CIO ("the Union"), had not joined in the defendants' successful motion for summary judgment.  The plaintiff, pursuant to Fed. R. Civ. P. 54(b), then

2

moved for a corrected judgment with this court, requesting that the court clarify whether it intended to render judgment as a matter of law in favor of the Union.

On August 18, 2005, the parties stipulated that the complaint with respect to the Union was still pending before the court and that the plaintiff's appeal was premature. The parties then executed a "stipulation withdrawing premature appeal" which was filed with the court of appeals.

On November 29, 2005, the court considered the plaintiffs claims with respect to the Union and dismissed them. At that juncture, the court's judgment became final and appealable. The plaintiff then had 30 days to file a new notice of appeal pursuant to Fed. R. App. P. 4(a).

On December 23, 2005, the plaintiff filed with the court of appeals a motion to re-open her previously withdrawn appeal, instead of filing a new notice of appeal with this court. On January 9, 2006, the court of appeals granted the plaintiff's motion to re-open. On January 19, 2006, after the 30 day deadline had passed for filing a notice of appeal, the court of appeals vacated that order stating that the court "improvidently granted" the motion "based upon the erroneous belief that plaintiff's motion for corrected judgment was the 'functional equivalent' of a [Fed. R. Civ. P.] 59(e) motion." The court of appeals further stated that the district court is empowered to

permit a late notice of appeal "based upon excusable neglect . . . . [s]ince counsel for [the] plaintiff-appellant may understandably have been confused by the procedural elements herein."

On January 27, 2006, the plaintiff filed the within motion for leave to file a late notice of appeal.

### DISCUSSION

The plaintiff asserts that her motion for leave to file a late notice of appeal should be granted because her "filing of a [m]otion to re-open the earlier filed appeal rather than a new [notice of] [a]ppeal was excusable neglect."

The defendants respond that the plaintiff's excuse fails to establish excusable neglect.  Specifically, the defendants contend that the plaintiff's excuse is unavailing because "[t]he excusable standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."

A "notice of appeal . . . must be filed with the district [court] clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  The Federal Rules of Appellate Procedure, however, "allows the district court to 'extend the time to file a notice of appeal' if a party 'shows excusable neglect or good cause.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003)(quoting Fed. R.

App. P. 4(a)(5)).

"The determination [of whether a party's neglect is excusable,] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380, 395 (1993).  An appeal "should not be dismissed because it was technically premature if in fact an appealable judgment or order was rendered below, the appellant clearly manifested his intent to appeal from it and the prevailing party below can show no prejudice resulting from the prematurity of the notice." <u>Jackson v. Tennessee Valley Authority</u>, 595 F.2d 1120, 1121 (6th Cir. 1979) (quoting 9 J. Moore, Moore's Federal Practice P 204.14, at 983 (2d ed. 1975)).

Weighing the equities here, the court shall authorize the tardy filing.  To be sure, the plaintiff incorrectly filed a motion to reopen her previous appeal instead of filing a new notice of appeal after the court ruled on her motion to correct the judgment.  This error does not reflect any want of diligence on the part of the plaintiff and was caused in part by confusion shared by the court of appeals.  Because at all times the plaintiff manifested an intent to appeal and no prejudice will flow to the defendants in authorizing the appeal, the plaintiff's motion for leave to file a late notice of appeal is GRANTED.

It is so ordered this 24th day of April, 2006 at Hartford, Connecticut.

                                                                           _____
                                                                           Alfred V. Covello
                                                                           United States District Judge